

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXIXIXWILSON
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4373
Re: May a stock casualty company in-
corporated and licensed in Texas
under Ch. 18, Title 78, invest
its surplus funds in bonds issued
by a road district of a Texas
county under the provisions of
Article 4706, Subsection (c)?

Your letter requesting the opinion of this department
on the above stated question reads as follows:

"Please advise whether a stock casualty
company, incorporated and licensed in Texas
under Chapter 18, Title 78 may, under the pro-
visions of Article 4706 subsection (c) invest
its surplus funds in bonds issued by a road
district of a Texas County.

"We are of the opinion that the question
should be answered in the negative. The com-
pany involved argues to the contrary, however,
upon the contention that road districts are por-
tions of counties, and that, therefore, road
district bonds should be construed to be county
bonds and as such eligible for investment. We
have stated our views that the test of eligi-
bility is not that of territorial coincidence,
but one of identity vel non of legal entities.
It seems to us that a road district is a total-
ly different legal entity from that of a county
or counties in which the road district's terri-
tory may lie, and hence in no proper sense is
a road district bond a county bond within the
meaning of the statute cited. Please advise
if we are correct in this view."

Article 4706, Vernon's Annotated Civil Statutes, pro-
vides in part:

"No company, except any writing Life, Health, and Accident Insurance, organized under the provisions of this Chapter shall invest its funds over and above its paid-up capital stock in any other manner than as follows:

". . . .

"(c)  In bonds or other interest-bearing evidence of indebtedness of any county, incorporated city, town, or school or sanitary or navigation district, such navigation district to contain a population of not less than three hundred and fifty-nine thousand (359,000) according to the last preceding Federal Census, in this or any other State in which said company may be duly licensed to conduct an insurance business, if such evidences of indebtedness are issued by authority of law and if interest upon them has never been defaulted.

". . . ."

Article 752a, Vernon's Annotated Civil Statutes, authorizes any county or any political subdivision of a county, or any road district that has been or may hereafter be created by any general or special law to issue bonds for the purpose of construction, maintenance and operation of macadamized, gravel or paved roads and turnpikes, or in aid thereof, in any amount not to exceed one-fourth of the assessed valuation of the real property of such county or political subdivision or road district, and to levy and collect ad valorem taxes to pay the interest on such bonds and provide a sinking fund for the redemption thereof.  Said statute specifically provides that:

". . . . The term 'political subdivision' as used in this Act, shall be construed to mean any commissioners precinct or any justice precinct of a county, now or hereafter to be created and established."

Article 778a, Vernon's Annotated Civil Statutes, authorizes any number of adjoining counties within this State, pursuant to authority conferred to Section 52 of Article 3 of the Constitution, to issue bonds not exceeding one-fourth of the assessed valuation of the real property of the territory included within such counties, and to levy and collect annually ad valorem taxes to pay the interest upon such bonds and to provide a sinking fund for the redemption thereof, for the same

purposes mentioned in Article 752a, supra. When such bonds are issued by virtue of Article 752a, supra, when issued for and on the faith and credit of political subdivisions or road district, such taxes shall be assessed and collected in the same manner as is now provided by law for the assessment and collection of common school district taxes. (Article 752m, Vernon s Annotated Civil Statutes)

With reference to classification of county bonds, Article 752s, Vernon's Annotated Civil Statutes, provides:

"When the road bonds have been issued by a county as a whole, such bonds shall be known and designated as '_____County Road Bonds', taking the name of the county issuing the same, and shall express on their face that they are issued under authority of Section 52, of Article 3, of the Constitution of Texas, and laws enacted pursuant thereto."

With reference to classification of subdivision bonds, Article 752p provides:

"If the proposition to issue the road bonds of a political subdivision or road district is adopted, such bonds shall express on their face: The State of Texas, the name of the county, the number or corporate name of the subdivision or district issuing such bonds, and they shall be designated as 'Road Bonds', and express on their face that they are issued under authority of Section 52, of Article 3, of the Constitution of Texas, and laws enacted pursuant thereto."

In view of the foregoing statutes with reference to classification of bonds, the procedure to be followed in issuing the same, etc., it is clear to us that a road district is a totally different legal entity from that of a county or counties in which the road district's territory may lie and hence in no proper sense is a road district bond a county bond within the meaning of Article 4706, supra. Therefore, we respectfully answer the above stated question in the negative.

It will be noted that the Legislature, in subsection (c) of Article 4706, supra, specifically designated school or sanitary or navigation district but did not name or mention road districts. We believe that it was the intention of the Legislature to exclude road district bonds from subsection (c) of Article 4706, and did exclude such bonds by not naming them therein.

Article 779, Vernon's Annotated Civil Statutes, as amended Acts 1941, 47th Leg., p. 899, ch. 552, sec. 1, the Commissioners' Court may invest sinking funds accumulated for the redemption and payment of any bonds issued by such county, political subdivision, road district or defined district thereof, in bonds of the United States, of Texas, or of any county in this State, or any school district or road district of this State, or any incorporated city or town of this State; or in bonds of the Federal Farm Loan Bank System, or in War Savings Certificates, and certificates of indebtedness issued by the Secretary of the Treasurer of the United States. No such bonds shall be purchased which, according to their terms, mature at a date subsequent to the time of maturity of the bonds for the payment of which such sinking fund was created.

To us, the above mentioned statute illustrates that the Legislature does not consider road district bonds as county bonds, in the sense that county bonds are ordinarily understood and treated by law. But, road district bonds and county bonds generally are considered and treated as two distinct and separate types of bonds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:GO:wc


APPROVED FEB 5, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman